# EXHIBIT A



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Buffalo Local Office

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

Charge No.: 846-2008-58931

Susan Salvo
xxxxxxxxxxxxxxxx
Clifton Park, New York  12065                Charging Party

Schenectady City School District
108 Education Drive
Schenectady, New York  12303                Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of this charge filed under Title I of the Americans with Disabilities Act (ADA) of 1990, as amended, 42 U.S.C. 12101, et seq.

Timeliness, deferral and all other requirements for coverage have been met. Charging Party alleged she was denied a reasonable accommodation based on her disability.

Respondent denied the allegations. Respondent stated it was an undue hardship to provide Charging Party's first choice for accommodation, however it offered several alternate accommodations and Charging Party continues to work with an alternate accommodation.

The evidence revealed that Charging Party is a qualified individual with a disability. The record showed the Charging Party submitted medical restrictions and requested a reasonable accommodation. Charging Party's doctor opined that the most ideal accommodation would be to provide Charging Party with her own classroom. Respondent indicated it was an undue hardship to provide Charging Party with her own classroom, because it had no available room to give her. Respondent further stated that the other Math Teachers have larger class sizes and logistically required a classroom in which to teach . The evidence showed the Respondent attempted to accommodate Charging Party's medical restrictions with alternate means. The investigation determined these alternatives were not effective, as evidenced by the fact that Respondent placed disciplinary letters in Charging Party's personnel file directly related to the alternate accommodations. The investigation further determined Respondent was unable to support an undue hardship defense, in that although Charging Party taught smaller class sizes, she still taught five classes per day, and a similar number of students would have been affected. The evidence further showed that Respondent received notice of Charging Party's need for accommodation prior to classes starting, and Respondent could have revamped the Master Scheduled in order to provide an accommodation.

Page 2                                                          Charge No.: 846-2008-58931

This determination does not conclude the processing of this charge. The EEOC will begin conciliation efforts to resolve all matters where there is reason to believe that violations have occurred. Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. The confidentiality provisions of Section 107 of the ADA and the Commission Regulations apply to information obtained during conciliation.

When the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the office Enforcement Manager is not obtained, the Enforcement will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

JUN 0 2 2009
_____                    _____
Date                                   Elizabeth Cadle, Enforcement Manager
                                       Buffalo Local Office